The same objections were made a few terms ago at New Bern, in a cause tried there. The objections, as I understood, were made by Mr. Wood, and the Court doubted, and took time till the next term, and then overruled them; and I concur with them in the propriety of doing so. The lord by escheat, according to circumstances, might sometimes enter, and sometimes was compelled to bring his writ of escheat; he was not always driven to a writ of escheat, as may be seen in 2 Bl. Com., (376) 245. When the possession was vacant, he might enter; but when the deceased had leased for life or otherwise, or conveyed in fee tail, and the reversion only escheated, then he could not enter, for the right of possession was in another, but must bring his writ of escheat. This observation reconciles all the books, and seems to me to be the true doctrine; and then there is no ground for the objection, as this case is circumstanced. Vide 3 Burr., 1301, 1303. As to the second objection, the general rule of law is that every lease by a corporation must be under seal, and must be set forth to be so; but then when a corporation brings an ejectment in its corporate capacity, and its lessee sets forth a demise, an ouster, etc., we will presume that lease to have been legally made, and no proof of it is necessary any more than in common cases; and that presumption extends to its being done by deed under seal, and therefore good. So that that objection falls, also. Vide 1 L. Ray., 136, Partridge v.Ball; Carth., 390; Esp. Term, 199; Canterbury v. Wood.
See Reynolds v. Flinn, ante, 106.
Cited: Strother v. Cathey, 5 N.C. 165.
Doubted: University v. Harrison, 90 N.C. 390. *Page 298